IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIRANDA WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs, | ) CIVIL ACTION NO.:  1:08-CV-210-WKW |
| | ) |
| JOANN SMITH IN HER | ) |
| OFFICIAL CAPACITY AS | ) |
| PROBATE JUDGE OF HENRY | ) |
| COUNTY, AL AND INDIVIDUALLY | ) |
|     Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS**

**COMES NOW** Defendant Joann Smith in her official and individual capacities and files this Memorandum Brief in Support of Defendant's Motion to Dismiss.  Plaintiff's Complaint is due to be DISMISSED based on the following grounds:

**INTRODUCTION**

Plaintiff filed this Complaint seeking "compensation for [her] psychological and emotional pain and suffering" arising out of her allegations that she was "passed over" for promotion in favor of a co-worker who supposedly had less seniority than Plaintiff.  (Compl. ¶¶ 9, 10.)  Plaintiff also claims that she "became a target for retaliation" because of her complaints regarding her failure to receive the promotion and her race, African-American.  (Compl. ¶ 9.)  Plaintiff has filed suit only under 42 U.S.C. § 1981.  (Compl. ¶ 1.)  Because none of Plaintiff's allegations state a claim for which relief may be granted, her Complaint is due to be dismissed with prejudice under Fed. R. Civ. P. 12(b) (6).

## ARGUMENT

**I.   PLAINTIFF HAS NOT ESTABLISHED A PRIMA FACIE CASE ON THE BASIS OF THE FAILURE TO PROMOTE HER.**

Failure to promote claims brought pursuant to 42 U.S.C. § 1981 are analyzed according to the familiar burden-shifting framework applicable to Title VII actions. Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1333 (11th Cir. 1998). To establish a prima facie case on the basis of a failure to promote, Plaintiff must demonstrate that: "1) she is a member of a protected class; (2) she was qualified and applied for the promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir. 2004).

Plaintiff has completely failed to address whether the selected applicant was outside her protected class. Furthermore, she has alleged only that she had more seniority than the selected applicant. (Compl. ¶ 8.) While seniority may be an acceptable factor in judging qualifications, it is not equivalent to actually being as or more qualified than the selected applicant. See, i.e., Increase Minority Participation by Affirmative Change Today of Northwest Florida, Inc. (IMPACT) v. Firestone, et. al., 893 F.2d 1189, 1194 (11th Cir. 1990) ("Qualifications for selection of an employee can depend upon seniority, length of service in the same position, personal characteristics, general education, technical training, experience in comparable work or any combination of them."); Higgins v. Tyson Foods, Inc., 196 Fed. App'x 781, 784 (11th Cir. 2006) (Not selected for publication in the Federal Reporter) ("Plaintiff's argument is in essence that, since she had seniority, she was entitled to the job. That is not the measure. There is no direct evidence of discrimination as to age or race."); White v. Verizon South, Inc., 299 F. Supp. 2d 1235, 1242 (M.D. Ala. 2003) ("[B]ecause [defendant's] decision was based on the

qualifications of the candidates, it was not required to base its decision on seniority."). Even accepting her claim of becoming "proficient" in bookkeeping through "on-the-job training" as true, this claim only establishes that she may have been qualified for the position and not that the selected applicant was equally or less qualified. See Newman v. Career Consultants, Inc., 470 F. Supp. 2d 1333, 1348 (M.D. Ala. 2007) ("[Plaintiff] could establish a prima facie case by showing that similarly-situated employees outside the protected class received raises while she did not. Plaintiff has failed to do so. In fact, she does not attempt to identify a similarly-situated employee outside the protected class who received raises while she did not. She has therefore not presented a prima facie case."). Because Plaintiff has failed to allege a crucial element of her prima facie case, her Complaint is due to be dismissed with prejudice.

## II. PLAINTIFF HAS NOT ESTABLISHED A PRIMA FACIE CASE OF RETAILIATION.

The test for a retaliation claim pursuant to 42 USC § 1981 is also the familiar McDonnell-Douglas burden shifting analysis applicable to Title VII actions: first, Plaintiff must prove a prima facie case by alleging that "(1) she engaged in statutorily protected expression; (2) there was a subsequent adverse employment action; and (3) there is a causal link between the protected expression and the adverse action."[1] Malone v. K-Mart Corp., 51 F. Supp. 2d 1287, 1307 (M.D. Ala. 1999) (internal citations omitted). The burden then shifts to the employer to provide a "legitimate, non-discriminatory reason for the adverse employment action. If this burden is satisfied, the plaintiff must then show that the employer's proffered reason is a pretext for retaliation." Id.

---

[1] The Supreme Court granted certiorari on September 25, 2007, in the case of CBSCS West Inc. v. Humphries. 128 S. Ct. 30 (2007). In CBSCS, the Seventh Circuit joined the Eleventh Circuit in holding that § 1981 applies to retaliation claims. 474 F.3d 387 (11th Cir. 2007). Oral argument in the case was held before the Court on February 20, 2008. Judge Smith reserves the right to further oppose this claim should the Court overrule CBSCS and find that no claim for retaliation is available under § 1981.

### A. Plaintiff has not alleged that she engaged in any protected activities.

In order to have engaged in a protected activity, Plaintiff must have affirmatively opposed racial discrimination. See Moss v. W & A Cleaners, 111 F. Supp. 2d 1181, 1189 (M.D. Ala. 2000). Mere complaints do not rise to the level of protected activity when they are not focused on any sort of discriminatory actions but are simply an expression of an employee's dissatisfaction with some facet of her employment. See, i.e., Holiness v. Moore-Handley Inc., 114 F. Supp. 2d 1176, 1185-86 (N.D. Ala. 1999) (finding that employee had not engaged in a protected activity in complaining that he thought he was to be paid more based on the employer's supposed previous representations when the plaintiff did not allege that his lower pay was racially motivated). Plaintiff has stated only that she complained about not being selected for the promotion; she has not alleged that she complained that the decision was discriminatory. (Compl. ¶ 9.) Therefore, she has not alleged that she engaged in any protected activities and has failed to state a prima facie case for retaliation. Plaintiff's Complaint is due to be dismissed with prejudice.

### B. Plaintiff has alleged no adverse action as a result of her participation in any protected activities.

An adverse action is

> an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.

Sasser v. Alabama Dep't of Corrs., 373 F. Supp. 2d 1276, 1287 (M.D. Ala. 2005). A speculative impact is not sufficient; the change must be "*serious and material*." Id. (quoting Davis v. Town of Lake Park, Florida, 245 F.3d 1232 (11th Cir.2001) (emphasis in the original)). Furthermore, "Davis instructs the court to disregard the plaintiff's subjective view of the significance and

4

adversity of the employer's action: '[T]he employment action must be materially adverse as viewed by a reasonable person in the circumstance.'" Id. The Sasser court held that plaintiff's complaints of being called names behind his back, being hurt when a fellow employee refused to collect his urine sample, and even receiving a warning from which no immediate disciplinary action resulted, did not amount to an adverse employment action. Id.; See also Malone, 51 F. Supp. 2d at 1308 (no adverse action stated when plaintiff complained only of mean comments and a performance evaluation that was still within the 'acceptable' range).

Plaintiff has failed to allege any specific actions taken against her, much less a serious and material change in the terms and conditions of her employment. Plaintiff's failure to identify any adverse action means that she has not stated a prima facie case of retaliation pursuant to 42 U.S.C. § 1981. Her claims are therefore due to be dismissed with prejudice.

### III.   JUDGE JOANN SMITH IS ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity shields government officials from individual capacity suits under 42 U.S.C. § 1981 for actions taken in good faith pursuant to the official's discretionary authority. Smith v. State of Alabama, et. al., 996 F. Supp. 1203, 1211 (M.D. Ala. 1998); see also Gonzalez v. Lee County Hous. Auth., 161 F.3d 1290, 1300 n.35 (11th Cir. 1998) (affirming that the defense of qualified immunity is available to § 1981 actions). Qualified immunity is "the rule, rather than the exception: 'Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity.'" GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998) (quoting Lassiter v. Alabama A & M Univ. Bd. of Trs., 28 F.3d 1146, 1149 (11th Cir.1994)). Furthermore, since "qualified immunity is an immunity from suit rather than a defense to

liability," immunity issues "should be resolved at the earliest possible stage of litigation." Griffin Industries Inc. v. Irvin, 496 F.3d 1189, 1200 (11th Cir. 2007) (internal citations omitted).

The two-step analysis used to determine whether an official is entitled to qualified immunity was first established in Ziegler v. Jackson. Sammons v. Taylor, 967 F.2d 1533, 1539 (11th Cir. 1992). First, "the defendant government official must prove that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred,' and then the burden shifts to the plaintiff to demonstrate that the defendant 'violated clearly established constitutional law.'" Sammons, 967 F.2d at 1539 (quoting Ziegler v. Jackson, 716 F.2d 847, 849 (11th Cir.1983)). As an initial matter, Judge Smith was acting pursuant to her discretionary authority at all times relevant to this action, and Plaintiff has not claimed otherwise. Smith, 996 F. Supp. at 1211 ("In view of there being no dispute on this point, and being as there is no indication that the agents were not acting within their discretionary authority [in the course of making employment decisions], the court so finds.").

Plaintiff must now prove that Judge Smith's actions violated clearly established law.

"This prong poses two distinct questions: first, whether the right claimed by [plaintiff] was clearly established at the time of the agents' conduct; and, second, whether [plaintiff] has pleaded enough facts that if proven would establish a genuine issue of fact as to whether the agents' conduct violated the clearly established rights."

Smith, 996 F. Supp. at 1211. Although intentional discrimination sufficient to state a claim under § 1981 is generally considered to meet the first part of this prong, Plaintiff must, under the second part, meet the Eleventh Circuit's "heightened pleading standard" in order to withstand a motion to dismiss. Id.

In "an effort to weed out nonmeritorious claims," the Eleventh Circuit requires that a plaintiff "allege with some specificity the facts which make out its claim," particularly in those

cases where qualified immunity is at issue. GJR Investments, Inc., 132 F.3d at 1366. Cases failing to allege enough specific facts are to be "deal[t] [with] summarily" by immediate dismissal. Id. at 1368. Thus, in GJR Investments, Inc., the Eleventh Circuit reversed the denial of defendants' motions to dismiss an Equal Protection claim where the plaintiff had baldly alleged that "others" were treated more favorably without giving any detail about these supposed comparators or precisely how they were treated. Id. Similarly, the Smith court dismissed all claims brought against individual defendants under 42 U.S.C. § 1981 because of the plaintiff's failure to "allege specific acts and an intent to discriminate on the part of all the defendants." 996 F. Supp. at 1212.[2]

In the instant case, Plaintiff has, as discussed in Sections I and II, completely failed to allege critical elements of a § 1981 claim even in the briefest of terms, much less plead her case with the specificity required to withstand a motion to dismiss. She has not discussed her theories as to why she did not receive the promotion at issue or in any way identified the employee who assumedly was promoted. Importantly, she has not ascribed the failure to promote her to any racial animus whatsoever. Plaintiff has also not described a single instance of supposedly retaliatory conduct. Because of Plaintiff's failure to meet the heightened pleading standard, Judge Smith is entitled to qualified immunity on all claims against her in her individual capacity, and the Complaint is due to be dismissed with prejudice.

---

[2] Although Plaintiff has not stated a claim pursuant to either Title VII or 42 U.S.C. § 1983, it is worth noting that the Smith court also dismissed all of the plaintiff's claims under these statutes for the same reasons.

Respectfully submitted this the 16th day of April, 2008.

        **s/Jamie K. Hill**
        ROBBIE ALEXANDER HYDE   (ALE023)
        JAMIE K. HILL (HIL060)
        Attorneys for Defendant
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail:  jhill@webbeley.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on **April 16, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Malcom R. Newman, Esq.**

        **Jamie K. Hill**
        Of Counsel