IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MIRANDA WILLIAMS     *
                         *
     PLAINTIFF,     *
                         *
VS.     *     CASE NO.: 1:08-CV-210-WKW
                         *
JOANN SMITH IN HER     *
OFFICIAL CAPACITY AS     *     A TRIAL BY JURY
PROBATE JUDGE OF     *     IS REQUESTED
HENRY COUNTY, ALABAMA *
and INDIVIDUALLY,     *
                         *
     DEFENDANT.     *

## ANSWER TO MOTION TO DISMISS

    Comes now the Plaintiff, Miranda Williams and responds to the Defendant's Motion to Dismiss. The Defendant essentially argues a Motion for Summary Judgment only denominated as a Motion to Dismiss. Plaintiff can only speculate as to Defendant's motives but suggests that there are no turgid arguments to be made under Rule 12(b)(6) given how Rule 8 F. R. Cv. P. has been construed.

    Entitled "General Rules of Pleading" Rule 8 of our Federal Rules of Civil Procedure requires only that a Complaint contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. Subparagraph (e) therein states that "each averment of the pleading shall be simple, concise and direct." No technical forms of pleading or motions are required.

    This Court is bound by Rule 8, <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993) and <u>Conley v. Gibson</u>, 355 U.S.41 (1957), at this stage of the proceedings or it can order a more definite statement from Plaintiff.

    A District Court must liberally construe the allegations of a Complaint, accept these allegations as true and draw all reasonable

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

inferences in Plaintiff's favor. It is generally accepted that a District Court may not dismiss for failure to state a claim unless it concludes beyond doubt that a Plaintiff can prove no set of facts to support her claim thereby entitling her to relief.

Any "heightened pleading requirement" a Court creates is in direct opposition to Leatherman, Crawford-El v. Britton, 534 U.S. 506 (2002) and Swierkiewicg v. Sorema, N.A. 534 U.S. 506 (2002) where the U.S. Supreme Court again made it clear that in the face of Rule 8(a), a Court is not free to graft onto the Law its own notions about how to beat back litigation it disfavors. That Court again showed Courts that other tools can be used to weed out meritless claims (Summary Judgment and Control of Discovery) but that the Federal Rules recognize a liberal system of "notice pleading." Leatherman supra, 163. Leatherman was a unanimous opinion written by Chief Justice Rehnquist. Swierkiewicg was also unanimous and authored by Justice Thomas.

And lastly, regarding the issue of qualified immunity, again, at this stage, this Court has nothing before it to make any such determination. To follow the Defendant's reasoning, the mere filing of any Complaint would be conclusive of all pertinent facts. "As an initial matter, Judge Smith was acting pursuant to her discretionary authority at all times relevant to this action, and Plaintiff has not claimed otherwise." (Doc. 6, p. 6). This statement argues to establish a pertinent fact without the benefit of an oath of any kind. No Pleading pretends to "prove" anything which the Court was addressing in Smith v. State of Alabama, et. al. 996 F. Supp 1290 (M.D. Ala. 1998), in discussing the second prong of the two-step analysis established by Jackson v. Ziegler, 716 F.2d 847 (11th Cir. 1983). That Title VII applies to Judge Smith is a given; she is not free to ignore federal law and as a high-ranking County official, it can be safely assumed that she is aware of federal employment regulations that address race.

In conclusion, Plaintiff urges this Court to deny the Defendant's Motion and/or Order a More Definite Statement.

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

Malcolm R. Newman, Attorney, P.C.

/S/ Malcolm R. Newman
Malcolm R. Newman (NEW017)
Attorney for Plaintiff
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M

## CERTIFICATE OF SERVICE

I hereby certify that on May 8th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robbie Alexander Hyde
Jamie K. Hill
Webb & Eley, P.C.
7475 Halcyon Pointe Drive
P.O. Box 240909
Montgomery, Alabama 36124

/s/ Malcolm R. Newman
Malcolm R. Newman