IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIRANDA WILLIAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs, | ) CIVIL ACTION NO.: 1:08-CV-210-WKW |
| | ) |
| JOANN SMITH IN HER | ) |
| OFFICIAL CAPACITY AS | ) |
| PROBATE JUDGE OF HENRY | ) |
| COUNTY, AL AND INDIVIDUALLY | ) |
|    Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S ANSWER TO MOTION TO DISMISS**

**COMES NOW** Defendant Joann Smith in her official and individual capacities and files this Reply to Plaintiff's Answer to Motion to Dismiss.

    1.    Plaintiff's argument regarding the applicability of Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), to the heightened pleading requirement applicable to claims against government officials in their individual capacities was addressed and firmly rejected by the Eleventh Circuit in Epps v. Watson as follows:

> In Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S. Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court ruled that heightened pleading was not to be applied in civil rights cases against municipalities, because municipalities were not entitled to immunity. The Supreme Court did not, however, address the propriety of the application of heightened pleading in civil rights cases under 42 U.S.C. § 1983 when the defendant is not a municipality.

492 F.3d 1240, 1243 n.2 (11th Cir. 2007). Thus, "[o]ur circuit…imposes a heightened pleading requirement in section 1983 claims against individuals and plaintiffs cannot rely on "vague or conclusory" allegations." Id., at 1242 (citing GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). The

heightened pleading requirement still clearly applies to claims such as those alleged by Plaintiff. See, e.g., Hayden v. Coppage, 533 F. Supp. 2d 1186, 1191 (M.D. Ala. 2008) ("Defendants are correct that, in the Eleventh Circuit, heightened pleading applies to a complaint's § 1983 allegations when challenged upon a Rule (12)(b)(6) motion by a defendant who may be entitled to qualified immunity.").

2. Plaintiff's assertion that "this Court has nothing before it to make any such [qualified immunity] determination" highlights both the importance of the heightened pleading standard and her failure to meet this standard. The heightened pleading standard exists so that a determination of qualified immunity can be made as early as possible in litigation. See GJR Inv., Inc., 132 F.3d at 1367. Delaying this determination defeats the entire purpose of qualified immunity, which is "an immunity from suit rather than a defense to liability." Griffin Industries Inc. v. Irvin, 496 F.3d 1189, 1200 (11th Cir. 2007) (internal citations omitted).

3. Plaintiff has the burden to put sufficient allegations before this Court to make an initial determination regarding qualified immunity. "Once the affirmative defense of qualified immunity is advanced, the allegations of the complaint take on great importance in a lawsuit." Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). These allegations, if taken as true as required by the standards of Fed. R. Civ. P. 12(b)(6), must show that the defendant violated one or more of plaintiff's rights, and that this right was clearly established at the time of the violation. See, e.g., Sammons v. Taylor, 967 F.2d 1533, 1539 (11th Cir. 1992). However, as discussed in Sections I and II of Defendant's Brief in Support of Motion to Dismiss, Plaintiff has failed to allege even the barest prima facie case regarding her allegations, having left out crucial details including: her theories as to why she did not receive the promotion at issue; information regarding the employee who was promoted; any example of retaliatory conduct; or any

allegation of a racial animus. Importantly, Plaintiff has not attempted to remedy these deficiencies in this Answer to Motion to Dismiss or, indeed, addressed in any way the Defendant's arguments regarding her failure to state a claim based on the lack of a prima facie case. Because Plaintiff admittedly failed to allege any violation of law so as to meet even the notice pleading standard pursuant to Fed. R. Civ. P. 8, much less clearly established law so as to meet the heightened pleading standard, her Complaint is due to be dismissed with prejudice in its entirety. See Marsh, 268 F.3d at 1022 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.") (internal citations omitted).

4.  The insufficiency of Plaintiff's Complaint is not cured by her reliance on "given[s]" like the applicability of Title VII to Judge Smith or "assum[ptions]" regarding Judge Smith's awareness of "federal employment regulations that address race." First, Plaintiff has not and cannot, due to the statute of limitations, allege any violations of Title VII.[1] Thus her mention of the statute is completely irrelevant. Second, although Plaintiff cites Smith v. Alabama for the proposition that "[n]o pleading pretends to 'prove' anything which the Court was addressing in Smith v. State of Alabama…in discussing the second prong of the two-step analysis established by Jackson v. Ziegler, 716 F.2d 847 (11th Cir. 1983)," Smith is actually a perfect example of a case in which defendants' motion to dismiss was granted on qualified immunity grounds because of the plaintiff's failure to adequately plead his case. 996 F. Supp. 1203, 1212-13 (M.D. Ala. 1998). As in Smith, Plaintiff cannot rely on the bald statement that race discrimination is prohibited in the workplace; instead, she "must allege specific acts and an intent to discriminate" by Judge Smith. Id. at 1212. In the case sub judice, Plaintiff "has alleged

---

[1] Plaintiff filed a Charge of Discrimination regarding the promotion issue against Judge Smith with the EEOC on May 3, 2007. She received a right-to-sue letter on approximately January 7, 2008, so that her 90-day period to commence a suit based on Title VII expired on approximately April 6, 2008.

only very general facts about the nature of the violations committed by [Judge Smith] in violation of §§ 1981 and 1983. Consequently, the court cannot determine if [she] ha[s] engaged in a violation of [Plaintiff]'s rights." Id. Judge Smith is therefore "entitled to qualified immunity." Id. Furthermore, because of Plaintiff's undisputed failure to state a claim pursuant to even the notice pleading standard of Fed. R. Civ. P. 8 all claims against Judge Smith in her official capacity are also due to be dismissed with prejudice.

Respectfully submitted this the 22nd day of May, 2008.

> s/Jamie K. Hill
> ROBBIE ALEXANDER HYDE   (ALE023)
> JAMIE K. HILL (HIL060)
> Attorneys for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  jhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 22, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Malcom R. Newman, Esq.**

> **Jamie K. Hill**
> Of Counsel