IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MIRANDA WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOANN SMITH, )<br>)<br>Defendant. ) | CASE NO. 2:08-CV-00210-WKW<br>[wo] |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the defendant's Motion to Dismiss (Doc. # 5). For the reasons set forth below the court finds that this motion is due to be DENIED. The court, instead, finds it appropriate to order a more definite statement from the plaintiff in the form of an amended complaint.

**I. FACTS AND PROCEDURAL HISTORY**

The facts as alleged in the complaint are as follows. Plaintiff Miranda Williams ("Williams") is a black female who began her employment with the Office of the Probate Judge for Henry County on July 17, 1999. (Compl. ¶ 4.) She was employed as a clerk and over time became proficient in bookkeeping. (*Id.* ¶¶ 5-6.) Prior to January 2007, the position of bookkeeper became open but was not posted, and on January 21, 2007, Williams learned that a clerk with less seniority was hired for that position. (*Id.* ¶¶ 7-8.) Additionally, Williams alleges that when she complained about being passed over she became a target of retaliation. (*Id.* ¶ 9.)

On March 25, 2008, Willaims filed this lawsuit against Joann Smith ("Smith") in both her individual and official capacities. On April 16, 2008, Smith responded to the lawsuit by filing a motion to dismiss. (Doc. # 5.) The motion to dismiss is fully briefed and ripe for resolution.

## II.  STANDARD FOR DISMISSAL

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).

## III.  DISCUSSION

Under Rule 12(e), a party may make a motion for a more definite statement. This motion is to be used when the "pleading to which a responsive pleading is allowed is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If a defendant needs more information to be able to answer a

complaint, the proper response is for the defendant to file a motion for a more definite statement, not a motion to dismiss. *See Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has recognized that district courts have "the inherent authority to require the appellant to file a more definite statement. Such authority, if not inherent in Rule 12(e), is surely within the district court's authority to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

Smith's motion to dismiss alleges that Williams has not plead facts with sufficient particularity to state a claim for failure to hire or retaliation and that Williams has not met the heightened pleading requirement for her claims against Smith in her individual capacity. In her brief, Smith notes that as to her failure to promote claim Williams has not alleged the race of the person hired for the job. Additionally, as to her retaliation claim ,Williams has not alleged a protected activity in which she engaged or an adverse action resulting from her protected activity.[1] Because Smith's motion focuses on the vagueness and lack of information in Williams's complaint, the court finds that it is appropriate to order a more definite statement from Williams, instead of dismissing her claims.

---

[1] Smith argues that Williams has failed to state a claim for failure to hire and retaliation because she has not laid out the elements of a *prima facie* case under the burden shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, the Supreme Court has held that the *prima facie* case under *McDonnell-Douglas* is an evidentiary standard, not a pleading requirement, and a complaint can survive a motion to dismiss even if it does not allege each of the elements of a *prima facie* case under *McDonnell-Douglas*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

In *Swierkiewicz*, the Supreme Court found a plaintiff included sufficient details in his age discrimination and Title VII claims when he alleged that he was terminated based on his national origin and age and "[h]is complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Swierkiewicz*, 534 U.S. at 514. The Supreme Court concluded "[t]hese allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." *Id.*

Here, the complaint does not include allegations that give Smith notice of what Williams's claims are and the grounds upon which they rest. Williams alleges that another person was hired for the bookkeeper position, but she does not state whether the person selected was also from her protected class. As to her retaliation claim, Williams states that she became a target for retaliation but provides no hint about what the acts of retaliation that she complains of are. Notably, the only reference to the defendant is in the style of the complaint.

Smith also argues the claims against her in her individual capacity should be dismissed because they do not meet the heightened pleading requirement. Assuming without deciding that a heightened pleading requirement applies because Smith has asserted a qualified immunity defense, the court still finds that the motion to due dismiss is due to be denied and Williams should be given the opportunity to amend her complaint. *See Smith v. State of Ala.*, 996 F. Supp. 1203, 1212-13 (M.D. Ala. 1998) (finding that the defendant was

entitled to qualified immunity because the plaintiff had not met the heightened pleading requirement but, instead of ordering dismissal of the complaint, allowing the plaintiff to amend his complaint to clarify his claims).

Ordering a more definite statement is also appropriate because the plaintiff failed to divide her claims into separate counts in her complaint. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate court or defense." Fed. R. Civ. P. 10(b); *see also Anderson*, 77 F.3d at 366 (stating "a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b)"). While Williams brings all of her claims under § 1981, she does not separate into distinct claims her failure to promote and retaliation allegations. When Williams provides a more definite statement, she should separate the sets of allegations into two counts.

Williams has not alleged facts with specific particularity in her complaint to give Smith notice about the grounds on which her claims rest. Dismissal is not warranted at this time; instead, Williams must provide a more definite statement of her claims in the form of an amended complaint. Williams is forewarned, however, that if only conclusory allegations are provided in the amended complaint, the court will entertain a motion to dismiss.

### IV. CONCLUSION

It is ORDERED that:

1. Defendant's Motion to Dismiss (Doc. # 5) is DENIED without prejudice;

5

2. Plaintiff shall file an amended complaint **on or before August 28, 2008**.

DONE this 14th day of August, 2008.

                                          /s/  W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE