IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIRANDA WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs, | ) CIVIL ACTION NO.: 1:08-CV-210-WKW |
| | ) |
| JOANN SMITH IN HER | ) |
| OFFICIAL CAPACITY AS | ) |
| PROBATE JUDGE OF HENRY | ) |
| COUNTY, AL, AND INDIVIDUALLY, | ) |
|     Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Defendant Joann Smith in her official and individual capacities and files this Memorandum Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint is due to be DISMISSED based on the following grounds:

**INTRODUCTION**

Plaintiff's original Complaint was brought pursuant to 42 U.S.C. § 1981 and sought "compensation for [her] psychological and emotional pain and suffering" arising out of her allegations that she was "passed over" for promotion in favor of a co-worker who supposedly had less seniority than Plaintiff. (Doc. 1 ¶¶ 9, 10.) Plaintiff also claimed that she "became a target for retaliation" because of her complaints regarding her failure to receive the promotion and her race, African-American. (Doc. 1. ¶ 9.) Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of Plaintiff's failure to establish a prima facie case of discrimination or retaliation. (Docs. 5, 6) In addition, Judge Smith also asserted her entitlement to qualified immunity. (Docs. 5, 6)

1

This Court agreed that Plaintiff had not adequately stated a claim for which relief could be granted. Plaintiff was granted an opportunity to amend her Complaint; however, she was "forewarned…that, if only conclusory allegations are provided in the amended complaint, the court will entertain a motion to dismiss." (Doc. 11, pg. 5.) Despite this Court's warning, Plaintiff's Amended Complaint provides only slightly more detail than her original Complaint did, and still fails to state any claim for which relief may be granted. Therefore, Plaintiff's Amended Complaint is due to be dismissed with prejudice.

## STANDARD OF REVIEW

"It has long been the rule that conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." Blackburn v. Calhoun, 2008 WL 850191 at * 3 (N.D. Ala. 2008) (slip copy) (internal citations omitted). The Supreme Court recently tightened the pleading requirements in Bell Atlantic Corp. v. Twombly, overruling the hoary "no set of facts" standard, and instead stating that, in order to survive a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b) (6), the Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." 127 S. Ct. 1955, 1965 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1957)). "Accordingly, while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting *all* the material elements necessary to sustain a recovery under some viable legal theory." Blackburn, 2008 WL 850191 at * 3 (emphasis in the original) (internal citations omitted).

"The main Rule 8(a) standard now seems to be whether the allegations plausibly *suggest* and are not merely consistent with a violation of the law." Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 n.43 (11th Cir. 2008) (emphasis added). Although courts must, for the purposes of ruling on a 12(b) (6) motion, still accept as true all factual allegations, "courts are not bound to

2

accept as true a legal conclusion couched as a factual allegation." Twombly, 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although, pursuant to Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), Plaintiff need not plead every element of a prima facie case of discrimination to survive a Motion to Dismiss, she must still allege enough facts to support the conclusion that she will eventually be able to prove all of these elements. Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1271 (11th Cir. 2004).

The Eleventh Circuit in Jackson explained as follows:

> while Swierkiewicz made clear that pleading a McDonnell Douglas *prima facie* case was not necessary to survive a motion to dismiss, it did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based.

Id. Accordingly, the Jackson court affirmed the dismissal of the plaintiff's complaint when they alleged only that the defendants believed African-Americans to be stupid, and so treated them differently than Caucasians without explaining exactly how they were treated differently. Id. Plaintiff has still failed to address crucial elements of her claims, and so has still failed to give Defendant sufficient notice as to how she plans on proving discrimination. Because Plaintiff's Amended Complaint still does not meet the pleading standard pursuant to Fed. R. Civ. P. 8, it is due to be dismissed with prejudice.

## ARGUMENT

**I.   PLAINTIFF HAS NOT STATED A CLAIM OF RACIAL DISCRIMINATION FOR WHICH RELIEF MAY BE GRANTED.**

"To state a claim of race discrimination under § 1981, plaintiffs must *allege* facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Jackson, 372 F.3d at 1270 (emphasis added). When the specific discrimination alleged is a failure to promote, such claims are analyzed

according to the familiar burden-shifting framework applicable to Title VII actions. <u>Standard v. A.B.E.L. Services, Inc.</u>, 161 F.3d 1318, 1333 (11th Cir. 1998). To establish a prima facie case on the basis of a failure to promote, Plaintiff must demonstrate that: "1) she is a member of a protected class; (2) she was qualified and applied for the promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted." <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1089 (11th Cir. 2004).

In her Amended Complaint, the only addition that Plaintiff chose to make to her claim of racial discrimination was her specification that a white female was promoted to bookkeeper. (Doc. 12, ¶ 8). Importantly, she has *still* failed to discuss their relative qualifications in even the most basic of terms. Even accepting Plaintiff's claim of becoming "proficient" in bookkeeping through "on-the-job training" as true, this claim only establishes at best that she may have been qualified for the position. It does not suggest that the selected applicant was equally or less qualified or that the decision was racially-based. This defect is not cured by Plaintiff's allegation that she had more seniority than the selected applicant. (Doc. 12, ¶ 8.). While seniority may be an acceptable factor in judging qualifications, it is not equivalent to actually being as or more qualified than the selected applicant. See, e.g., <u>Increase Minority Participation by Affirmative Change Today of Northwest Florida, Inc. (IMPACT) v. Firestone, et. al.</u>, 893 F.2d 1189, 1194 (11th Cir. 1990) ("Qualifications for selection of an employee can depend upon seniority, length of service in the same position, personal characteristics, general education, technical training, experience in comparable work or any combination of them."); <u>Higgins v. Tyson Foods, Inc.</u>, 196 Fed. App'x 781, 784 (11th Cir. 2006) (Not selected for publication in the Federal Reporter) ("Plaintiff's argument is in essence that, since she had seniority, she was entitled to the job. That is not the measure. There is no direct evidence of discrimination as to age or race."); <u>White v.</u>

Verizon South, Inc., 299 F. Supp. 2d 1235, 1242 (M.D. Ala. 2003) ("[B]ecause [defendant's] decision was based on the qualifications of the candidates, it was not required to base its decision on seniority.").

Plaintiff has still failed to allege sufficient evidence to actually suggest an inference of discrimination. Instead, she has chosen to simply copy and paste (albeit with the addition of a single allegation regarding her comparator) the previous allegations that were previously found insufficient to state a claim for discrimination pursuant to 42 U.S.C. § 1981. Because she has yet again not alleged sufficient facts to state a claim, her Amended Complaint is due to be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II. PLAINTIFF HAS NOT STATED A CLAIM OF RETAILIATION FOR WHICH RELIEF MAY BE GRANTED.

The test for a retaliation claim pursuant to 42 USC § 1981 is also the familiar McDonnell-Douglas burden shifting analysis applicable to Title VII actions: first, Plaintiff must show a prima facie case by alleging that "(1) she engaged in statutorily protected expression; (2) there was a subsequent adverse employment action; and (3) there is a causal link between the protected expression and the adverse action." Malone v. K-Mart Corp., 51 F. Supp. 2d 1287, 1307 (M.D. Ala. 1999) (internal citations omitted). The burden then shifts to the employer to provide a "legitimate, non-discriminatory reason for the adverse employment action. If this burden is satisfied, the plaintiff must then show that the employer's proffered reason is a pretext for retaliation." Id.

### A. Plaintiff has not alleged that she engaged in any protected activities.

"[T]o allege a claim of retaliation under Title VII and § 1981, one element a plaintiff ***must* plead** is that he or she engaged in "statutorily protected expression." Moss v. W& A Cleaners, 111 F. Supp. 2d 1181, 1189 (M.D. Ala. 2000) (emphasis added). In order to have engaged in a protected activity, Plaintiff must have affirmatively opposed racial discrimination.

5

Id. Mere complaints do not rise to the level of protected activity when they are not focused on any sort of discriminatory actions but are simply an expression of an employee's dissatisfaction with some facet of her employment. See, i.e., Holiness v. Moore-Handley Inc., 114 F. Supp. 2d 1176, 1185-86 (N.D. Ala. 1999) (finding that employee had not engaged in a protected activity in complaining that he thought he was to be paid more based on the employer's supposed previous representations when the plaintiff did not allege that his lower pay was racially motivated).

Plaintiff has still stated only that she complained about being "passed over;" she has not alleged, even in her Amended Complaint, that she ever complained that the decision was discriminatory or that she was treated in any way different because of her race. (Doc. 12, ¶ 9.) Therefore, she has again failed to allege that she engaged in any protected activities. Because she has still not properly pled a claim for retaliation, Plaintiff's Amended Complaint is due to be dismissed with prejudice.

    **B.**    **Plaintiff has alleged no adverse action as a result of her participation in any protected activities.**

An adverse action is

> an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.

Sasser v. Alabama Dep't of Corrs., 373 F. Supp. 2d 1276, 1287 (M.D. Ala. 2005). A speculative impact is not sufficient; the change must be "*serious and material*." Id. (quoting Davis v. Town of Lake Park, Florida, 245 F.3d 1232 (11th Cir.2001) (emphasis in the original)). Furthermore, "Davis instructs the court to disregard the plaintiff's subjective view of the significance and adversity of the employer's action: '[T]he employment action must be materially adverse as viewed by a reasonable person in the circumstance.'" Id.

The <u>Sasser</u> court held that plaintiff's complaints of being called names behind his back, being hurt when a fellow employee refused to collect his urine sample, and even receiving a warning from which no immediate disciplinary action resulted, did not amount to an adverse employment action. <u>Id.</u>; <u>See</u> <u>also</u> <u>Malone</u>, 51 F. Supp. 2d at 1308 (no adverse action stated when plaintiff complained only of mean comments and a performance evaluation that was still within the 'acceptable' range). In the instant case, Plaintiff has alleged no fact suggesting that she was actually subjected to an adverse action.

Specifically, Plaintiff now alleges that she was "reprimanded" on two occasions, and that she was told that her "tubal ligation has affected your brain." (Doc. 12, ¶¶ 10-13). As an initial matter, even if her allegation regarding the comment regarding her tubal ligation is true, it had no bearings on her race and did not affect the terms and conditions of her employment in any way. More importantly, her use of the term "reprimand" does not suggest any adverse employment action- i.e., it does not suggest that Plaintiff was "placed on probation, suspended, subjected to a loss of pay or benefits, or otherwise disciplined as a result of the written warning." <u>Sasser</u>, 373 F. Supp. 2d at 1288-89. Without such a tangible employment action, her claims for retaliation must fail. <u>Id.</u> Because Plaintiff has still failed to sufficiently allege that she suffered an adverse employment action in retaliation for engaging in an activity protected by 42 U.S.C. § 1981, her Amended Complaint is due to be dismissed with prejudice.

**III.    JUDGE JOANN SMITH IS ENTITLED TO QUALIFIED IMMUNITY.**

Qualified immunity shields government officials from individual capacity suits under 42 U.S.C. § 1981 for actions taken in good faith pursuant to the official's discretionary authority. <u>Smith v. State of Alabama, et. al.</u>, 996 F. Supp. 1203, 1211 (M.D. Ala. 1998); <u>see also</u> <u>Gonzalez v. Lee County Hous. Auth.</u>, 161 F.3d 1290, 1300 n.35 (11th Cir. 1998) (affirming that the defense of qualified immunity is available to § 1981 actions). Qualified immunity is "the rule,

7

rather than the exception: 'Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity.'" GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998) (quoting Lassiter v. Alabama A & M Univ. Bd. of Trs., 28 F.3d 1146, 1149 (11th Cir.1994)). Furthermore, since "qualified immunity is an immunity from suit rather than a defense to liability," immunity issues "should be resolved at the earliest possible stage of litigation." Griffin Industries Inc. v. Irvin, 496 F.3d 1189, 1200 (11th Cir. 2007) (internal citations omitted).

The two-step analysis used to determine whether an official is entitled to qualified immunity was first established in Ziegler v. Jackson. Sammons v. Taylor, 967 F.2d 1533, 1539 (11th Cir. 1992). First, "the defendant government official must show that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred,' and then the burden shifts to the plaintiff to demonstrate that the defendant 'violated clearly established constitutional law.'" Sammons, 967 F.2d at 1539 (quoting Ziegler v. Jackson, 716 F.2d 847, 849 (11th Cir.1983)). As an initial matter, Judge Smith was acting pursuant to her discretionary authority at all times relevant to this action, and Plaintiff has not claimed otherwise. Smith, 996 F. Supp. at 1211 ("In view of there being no dispute on this point, and being as there is no indication that the agents were not acting within their discretionary authority [in the course of making employment decisions], the court so finds.").

Plaintiff must now show that Judge Smith's actions violated clearly established law.

"This prong poses two distinct questions: first, whether the right claimed by [plaintiff] was clearly established at the time of the agents' conduct; and, second, whether [plaintiff] has pleaded enough facts that if proven would establish a genuine issue of fact as to whether the agents' conduct violated the clearly established rights."

Smith, 996 F. Supp. at 1211. Although intentional discrimination sufficient to state a claim under § 1981 is generally considered to meet the first part of this prong, Plaintiff must, under the

8

second part, meet the Eleventh Circuit's "heightened pleading standard" in order to withstand a motion to dismiss. Id.

In "an effort to weed out nonmeritorious claims," the Eleventh Circuit requires that a plaintiff "allege with some specificity the facts which make out its claim," particularly in those cases where qualified immunity is at issue. GJR Investments, Inc., 132 F.3d at 1366. Cases failing to allege enough specific facts are to be "deal[t] [with] summarily" by immediate dismissal. Id. at 1368. Thus, in GJR Investments, Inc., the Eleventh Circuit reversed the denial of defendants' motions to dismiss an Equal Protection claim where the plaintiff had baldly alleged that "others" were treated more favorably without giving any detail about these supposed comparators or precisely how they were treated. Id. Similarly, the Smith court dismissed all claims brought against individual defendants under 42 U.S.C. § 1981 because of the plaintiff's failure to "allege specific acts and an intent to discriminate on the part of all the defendants." 996 F. Supp. at 1212.[1]

In the instant case, Plaintiff has, as discussed in Sections I and II, *still* failed to sufficiently allege her claims for violations of 42 U.S.C. § 1981 pursuant to Fed. R. Civ. P. 8, much less with enough particularity to meet the heightened pleading standard. The basis of her failure to promote claim is still unclear. As for Plaintiff's retaliation claim, Judge Smith still cannot divine whether the Plaintiff engaged in a protected activity, or how the Plaintiff claims the terms and conditions of her employment were changed. The five (5) paragraphs added by Plaintiff to her Amended Complaint (for a total of fourteen (14) short sentences in her entire complaint) simply did not explicate Plaintiff's claims enough to provide Judge Smith with adequate notice of the claims against her. Plaintiff has thus not carried her burden of affirmatively showing a violation of some specific, clearly established right. Judge Smith is

---

[1] Although Plaintiff has not stated a claim pursuant to either Title VII or 42 U.S.C. § 1983, it is worth noting that the Smith court also dismissed all of the plaintiff's claims under these statutes for the same reasons.

entitled to qualified immunity, and the Amended Complaint is due to be dismissed with prejudice.

## CONCLUSION

Wherefore, these premises considered, Defendant Joanne Smith, in her official capacity as Probate Judge and individual capacity, respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice.

Respectfully submitted this the 29th day of August, 2008.

> s/Jamie K. Hill
> ROBBIE ALEXANDER HYDE (ALE023)
> JAMIE K. HILL (HIL060)
> Attorneys for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  jhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 29, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Malcom R. Newman, Esq.**

> **Jamie K. Hill**
> Of Counsel